IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ISADORE PETITE, #204 046, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:12-CV-706-WKW |
| | )                    [WO] |
| GARY HETZEL, | ) |
| | ) |
|    Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed a request for a preliminary injunction. (*Doc. No. 15*.) Previously, this court denied Plaintiff's motion for a temporary restraining order wherein he requested relief with regard to the same concerns presented in the pending motion. (*See Doc. Nos. 1, 3*.) Notably, the court determined in its earlier decision that Plaintiff failed to demonstrate a substantial likelihood of success on the merits. (*Doc. No. 3 at 2*.)

"[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp,* 147 F.3d at 1306 (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). Nonetheless, the moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30

F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

Here, the court finds that Plaintiff's pending request for a preliminary injunction seeking relief on basically the same grounds alleged in support of his earlier request for a TRO is due to be denied, as the standards for granting relief on a TRO and a preliminary injunction are the same.[1]  *See Parker v. State Bd. Of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) ("A TRO or preliminary injunction is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits."); s*ee also Burton v. City of Belle Glade,* 178 F.3d 1175, 1201 (11th Cir. 1999) (an injunction which merely orders the defendants to obey the law is too broad and too vague to be enforceable).[2]

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Motion for Preliminary Injunction filed by Plaintiff (*Doc. No. 15*) be DENIED; and

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before **November 7, 2012,** Plaintiff may file an objection to the

---

[1] A temporary restraining order ("TRO") is appropriate where the movant demonstrates that (a) there is a substantial likelihood of success on the merits; (b) the TRO . . . is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO . . . would cause to the non-movant; and (d) the TRO . . . would not be averse to the public interest." *Parker*, 275 F.3d at 1034-35. The movant bears the burden of proving each of these four elements. *Teper v. Miller*, 82 F.3d 989, 992 n.3 (11th Cir. 1996).

[2] Plaintiff states that he "seeks [ ] an order compelling defendants to perform their pre-existing duties under the United States Constitution." (*Doc. No. 15 at 2-3.*)

Recommendation. Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

DONE, this 24th day of October, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE